IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUNO FLAIM and REBECCA FLAIM, CO-ADMINISTRATORS of the ESTATE OF RUDOLPH B. FLAIM, DECEASED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | 03: 06cv0092 |

**MEMORANDUM OPINION AND ORDER**

Presently pending before the Court for disposition is the MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT, with brief in support, filed by Defendant; the brief in opposition filed by Plaintiffs; and the Reply Brief filed by Defendant. For the reasons discussed below, the Court finds that it does not have subject matter jurisdiction over this lawsuit and, therefore, the motion will be granted.

**Background**

This lawsuit is a wrongful death and survival action filed by Plaintiffs, Bruno Flaim and Rebecca Flaim, Co-administrators of the Estate of Ruloph B. Flaim, Deceased, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674. Plaintiffs are the parents of decedent Sergeant Rudolph B. Flaim ("SGT Flaim). On or about August 4, 2003, while at Fort Indiantown Gap, PA, a military installation, SGT Flaim tragically died from gunshot wounds he sustained after a machine gun discharged as he and other soldiers loaded the gun onto a military vehicle.

According to the Complaint, at the time of the accident, SGT Flaim was "engaged in his company's battalion assigned task of running the M2 .50 caliber machine gun range on range 24B on Fort Indiantowngap, Annville, PA." Complaint at ¶ 7. In their Complaint, Plaintiffs allege that Defendant's negligence caused the death of SGT Flaim and that Plaintiffs and the estate of SGT Flaim are entitled to damages as a result.

Defendant has filed the instant Motion to Dismiss, or in the alternative, Motion for Summary Judgment, in which it argues that Plaintiffs' claims are barred by the United States Supreme Court decision of *Feres v. United States*, 340 U.S. 135 (1950), and, therefore, Plaintiffs' entire complaint, and all of its claims, should be dismissed.

Federal Rule of Civil Procedure 12(b) states that if matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and all parties shall be given a reasonable opportunity to present all pertinent materials. Defendant explicitly gave notice that it was seeking to introduce extrinsic evidence and convert the motion to dismiss into a motion for summary judgment. Defendant has submitted two Declarations from David W. Brunett, Lieutenant Colonel, Pennsylvania Army National Guard. Plaintiff also has submitted extrinsic evidence in opposition to Defendant's motion, i.e. 26 pages from the investigation conducted by the Pennsylvania Army National Guard following the fatal accident.

As Defendant's request to convert to summary judgment is explicit and both parties have had notice and the opportunity to present evidence in support of their respective positions, the Court will convert the motion to one for summary judgment. *In re Rockefeller Center*

*Properties, Inc. Securities Litigation*, 184 F.3d 280, 287-88 (3d Cir. 1999) (*citing Hilferty v. Shipman*, 91 F.3d 573, 589-79 (3d Cir. 1996)).

### Standard of Review

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, the Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986). The non-moving party must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989) (*citing Liberty Lobby*, 477 U.S. at 249). Further, the non-moving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Id*. (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The evidence must be capable of being admissible at trial. *Barnes Foundation v. Township of Lower Marion*, 982 F. Supp. 970, 996 (E.D. Pa. 1997) (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 961 n.1 (3d Cir. 1996)). Distilled to its essence, the summary judgment standard requires the non-moving party to create a "sufficient disagreement to require submission [of the evidence] to a jury." *Liberty Lobby*, 477 U.S. at 251-52.

**Discussion**

It is undisputed that the United States of America may not be sued without its consent. *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *Richards v. United States,* 176 F.3d 652, 654 (3d Cir. 1999). Under the FTCA, the United States has consented to suits but only for certain torts committed by federal employees. *See* 28 U.S.C. § 1346(b); *Richards*, 176 F.3d at 654. In *Feres v. United States*, the United States Supreme Court limited the applicability of the FTCA with regard to military personnel. *Feres*, 340 U.S. 135, 146 (1950). In that decision, the Supreme Court held that the United States is not answerable under the FTCA for injuries to service members that arise out of or are in the course of activity "incident to military service." *Id.* at 146; *Richards,* 176 F.3d at 654.

The Court of Appeals for the Third Circuit has instructed that when determining whether a service member's injuries are "incident to military service," the district court should consider a number of factors, including the following: (i) the service member's activity at the time of the injury; (ii) the site of the accident; and (iii) the nature of the service member's activity at the time of the injury. *Richards*, 176 F.3d at 655.

Defendant contends that "each of the factors unequivocally establishes that SGT Flaim's death arose from an activity incident to his military service." Def's Memo. at 2. Plaintiffs agree that the situs of the accident (a military weapons firing range) and the nature of SGT Flaim's activity at the time of the accident (loading a military weapon onto a military vehicle) militate against a finding that Plaintiff's death did not occur "incident to military service." However, Plaintiffs contend that at the time of the fatal accident, "SGT Flaim was not in the active Army but a member of the Pennsylvania National Guard, a State Militia. Under

regulations, he could not properly have been ordered to the exercise known as Annual Training at which he was killed." Pl's Br. at 5.

The record reflects that in March 2003, SGT Flaim returned to the United States after a nine-month deployment in Europe as part of Operation Enduring Freedom. Plaintiffs argue that according to regulations, SGT Flaim could not be ordered to Annual Training for six months and there is no evidence that SGT Flaim consented to this training.

Plaintiffs arguments, however, are belied by the record. The Declaration of Lieutenant Colonel David W. Brunett, SGT Flaim's battalion commander at the time of the training accident, specifically states, *inter alia,* the following:

> SGT Flaim was enlisted in the Pennsylvania Army National Guard. He was assigned to C Company in the 876th Engineer Battalion.
>
> SGT Flaim was activated into Title 32 status for two weeks of Annual Training in August of 2003, under the authority of 32 USC 502. SGT Flaim was in Title 32 status and receiving military pay and allowances when he was killed on 4 August 2003.
>
> Annual Training is required for all Pennsylvania Army National Guard Personnel.
>
> > a.  All soldiers from the 876th Engineer Battalion that deployed to Germany, United States Army-Europe (USAREUR) from July 2002 to February 2003 under Operation Enduring Freedom (OEF) were exempt from Annual Training in August 2003.
> >
> > b.  All soldiers that deployed to USAREUR that were attending Annual Training with the 876th Engineer Battalion in August 2003 volunteered to do so. SGT Rudolph Flaim deployed under OEF and volunteered to attend Annual Training in August 2003.
>
> . . .
>
> SGT Flaim and the rest of C Company present that day were in duty uniform and were undertaking required training when the accident

>occurred. Marksmanship and weapons familiarization training are routine but vital and required training for Soldiers.
>
>The accident took place during duty hours, during a scheduled activity. SGT Flaim was performing his duties as a Soldier in C Company when he was accidentally shot by a weapon he was loading into a vehicle as part of his duties.
>
>SGT Flaim was only present on range 24B on 4 August 2003, and participating in training because of his status as a Pennsylvania National Guardsman.
>
>. . .

*See Declaration of Lieutenant Colonel David W. Brunett, dated October 24, 2006, Govt Ex. A to Reply Brief.*

Furthermore, there is authority that, even if SGT Flaim had been ordered to annual training in contravention of military regulations, his status as an active duty soldier at the time of the accident would not have been vitiated. *See In re Morrissey,* 137 U.S. 157, 159 (1890) (holding that the enlistment of a person below the minimum enlistment age confers full military status upon that person absent an action to void the enlistment); *see also United States ex rel. Stone v. Robinson*, 431 F.2d 548, 552-53 (3d Cir. 1970) (holding that, although enlistment extension papers were defective, a soldier was not prejudiced by the defect and "any routine failure of appellant to swear to his execution of his extension form would not affect the validity of the enlistment.")

Therefore, the Court finds and rules that at the time of the fatal accident (i) SGT Flaim was in active duty status and that he had volunteered for that status; (ii) the accident occurred at Fort Indiantown Gap, a military installation; and (iii) SGT Flaim was loading a military weapon onto a military vehicle. It is also significant to note that SGT Flaim was receiving the appropriate military pay and allowances at all times relevant to this litigation.

Accordingly, pursuant to the doctrine enunciated by the United States Supreme Court in *Feres v. United States*, the Court finds and rules that Plaintiffs' claims brought pursuant to the FTCA are barred and, as a result, this Court lacks subject matter jurisdiction.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUNO FLAIM and REBECCA FLAIM, ) <br> CO-ADMINISTRATORS of the ESTATE OF ) <br> RUDOLPH B. FLAIM, DECEASED, ) <br>              ) <br>         Plaintiffs, ) <br>              ) <br>    v.       )   03: 06cv0092 <br>              ) <br> UNITED STATES OF AMERICA, ) <br>              ) <br>         Defendant. ) | |

**ORDER OF COURT**

AND NOW, this 1st day of November, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss, or in the Alternative Motion for Summary Judgment is **GRANTED**. Plaintiffs' claims are hereby dismissed with prejudice.

The Clerk of Court shall close this file.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:    Arthur Cutruzzula, Esquire
       Cutruzzula & Nalducci
       Email: CNLAWGROUP@AOL.COM

       Michael C. Colville,
       Assistant U.S. Attorney
       Email: michael.colville@usdoj.gov